# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER BEUCHAT,<br>  Plaintiffs | ) <br> ) <br> ) | C.A.No. 1:19-CV-81 |
| vs. | ) <br> ) <br> ) | Re: Motion to Transfer Venue<br>ECF No. 4 |
| COMMONWEALTH OF PENNSYLVANIA,<br>et al,<br>  Defendants. | ) <br> ) <br> ) | |

## MEMORANDUM OPINION and ORDER

District Judge Susan Paradise Baxter

The factual allegations of the complaint pertain to gender discrimination and retaliation arising out of Ms. Beuchat's employment at the State Correctional Institution at Muncy. Ms. Beuchat has named the Commonwealth of Pennsylvania Department of Corrections and SCI Muncy as Defendants to this action. Presently pending before this Court is Defendants' motion to transfer venue to the Middle District of Pennsylvania. ECF No. 4.

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If venue is inappropriate, a court may either dismiss the action or transfer it to the court which has appropriate venue. 28 U.S.C. § 1404; 28 U.S.C. § 1406. Section 1406 "applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara*, 55 F.3d at 878. Section 1404(a) provides for transferring a case in which both the original and the requested venue are proper. *Id.*[1]

28 U.S.C. § 1391(b) provides that venue lies in:

---

[1] As explained in *Jumara*, "[E]ither statute could theoretically provide a basis for the transfer of a case …" *Id.*

1

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [**or**] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …

*Id.* It is the defendant's burden to show that venue is improper. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012).

Taking Ms. Beuchat's allegations as true, the Commonwealth of Pennsylvania Department of Corrections maintains an office and place of business within the Western District of Pennsylvania, while SCI Muncy is located in Lycoming County within the Middle District of Pennsylvania. All of the events giving rise to Ms. Beuchat's claims occurred at SCI Muncy within the Middle District. So, under § 1391(b), venue is appropriate in both the Western and Middle Districts.

The burden of establishing the need for transfer of venue rests with the movant. *Jumara*, 55 F.3d at 879. The Third Circuit has instructed that courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.*

The *Jumara* Court identified twelve interests (six public and six private) "protected by the language of § 1404(a)." *Id.* The private interests include "(1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum.)" *Id.* at 879. The public interests are "(7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative

2

administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable law in diversity cases." *Id.* These factors will be considered in turn.[2]

Ms. Beuchat's choice of forum weighs against transferring venue as a plaintiff's "choice of venue should not be lightly disturbed." *Jumara,* 55 F.3d at 879. *See also Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970). The defendant's choice of forum favors transfer. The facts underlying Ms. Beuchat's claim occurred in Lycoming County, so this factor favors transfer to the Middle District.

Defendants do not advance any particular argument as to the convenience of the parties. Presumably, the Western District is more convenient for Ms. Beuchat because it is where she resides, while the convenience of the Department of Corrections does not favor one District over another as the Department of Corrections is present in both Districts. This factor favors the denial of transfer.

The Court has no information on the physical condition of Ms. Beuchat, so this factor is neutral.

Prosecuting this action may have financial consequences for Ms. Beuchat. Meanwhile, Defendants presumably have the financial ability to defend themselves in either forum.

---

[2] In support of their motion to transfer venue, Defendants argue: "In this particular case, all factors weigh in favor of transfer to the Middle District. There is simply no tie to this District other that [sic] the Plaintiff's residence. Indeed, the Complaint leaves no doubt that the issues in this case all center upon alleged acts of discrimination and/or retaliation at SCI Muncy. As in Jumara, everything related to this action occurred in the Middle District of Pennsylvania." ECF No. 4, page 3.

The convenience of the witnesses and the location of records weighs in favor of transfer as all of these are likely to be in the Middle District of Pennsylvania.

The enforceability of a judgment rendered in the Western District is no less enforceable than one in the Middle District, so this factor is neutral.

According to the most recent data provided by the United States Courts, 2,675 civil cases were filed in this district between April 1, 2018 and March 30, 2019. By comparison, 2,378 civil cases were filed in the Middle District for the same period.[3] This district[4] has six active judges, ten senior judges, and six magistrate judges, while the Middle District[5] has nine district judges and five magistrate judges. Given the districts' relative caseloads and number of judicial officers[6], this factor favors denial of transfer.

The local interests in deciding local controversies at home and the public policies of the fora are neutral.

Because this is not a diversity action, the last factor does not apply.

Considering all the factors, four weigh in favor of denial of transfer, three weigh in favor of transfer, and four are neutral. Defendants have not met their burden to show that venue should be transferred. For these reasons, this Court will not disturb Ms. Beuchat's initial choice of venue and the motion to transfer will be denied.

---

[3] *See* Administrative Office of the United States Courts, Table C-3—U.S. District Courts-Civil Cases Commenced, by Nature of Suit and District, During the 12-Month Period Ending March 31, 2019, https://www.uscourts.gov/statistics/table/c-3/federal-judicial-caseload-statistics/2019/03/31.

[4] *See* https://www.pawd.uscourts.gov/judges. Website accessed October 3, 2019.

[5] *See* https://www.pamd.uscourts.gov/judges. Website accessed October 3, 2019.

[6] Based on these statistics, the average case load per judicial officer in the Western District is 122, while the average case load in the Middle District is 170.

AND NOW, this 8th day of October, 2019;

IT IS HEREBY ORDERED that the motion to transfer venue [ECF No. 4] is DENIED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge